UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>KAREN M. CALL, et al.,<br><br>    Defendants. | CASE NO. C20-5473 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS |

This matter comes before the Court on Plaintiff Genworth Life and Annuity Insurance Company's ("Genworth") motion for attorneys' fees and costs. Dkt. 38. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I.    PROCEDURAL HISTORY**

On May 20, 2020, Genworth filed this interpleader action against Defendants Karen Call ("Call"), Rebecca Ronzone ("Ronzone"), R.A.R., Anjunette Armour ("Armour"), and Jeffrey Stephens ("Stephens") (collectively "Defendants") alleging that

ORDER - 1

1  it issued a life insurance policy to Michael Ronzone ("Decedent") and that Defendants
2  contest the proceeds of that policy.  Dkt. 1.
3       On September 23, 2020, Genworth filed the instant motion requesting
4  reimbursement for attorneys' fees and costs incurred before and during this interpleader
5  action.  Dkt. 38.  On September 29, 2020, Call responded and does not oppose the
6  motion.  Dkt. 40.  On September 30, 2020, Armour responded and does not oppose the
7  motion.  Dkt. 41.  On October 2, 2020, Stephens responded and opposes the motion to the
8  extent that the fees and costs will be paid from the proceeds of the policy.  Dkt. 44.  On
9  October 8, 2020, Armour replied.  Dkt. 47.

## II.  DISCUSSION

"Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action."  *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir. 1984) (citing *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982)).  The interpleading "plaintiff should be awarded attorney fees for the services of his attorneys in interpleading" so long as there is no "contest between plaintiff and the interpleaded parties, either as to the correctness of the amount deposited or as to any interest of plaintiff in the fund."  *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962).

In this case, Genworth argues that it is a disinterested stakeholder because, through no fault of its own, the proceeds of the policy are contested by Defendants.  It also argues that there is no contest between it and any named defendant.  The Court agrees on these two unopposed issues.  The only remaining opposed issue is whether Genworth's fees

1 | and costs should be disbursed from the funds of the proceeds.  Stephens argues that
2 | Armour should be responsible for the fees and costs incurred in this litigation because she
3 | started the litigation.  Although Armour disputes Stephens's position, the issue need not
4 | be resolved at this point because the Court may tax these costs and fees against the
5 | responsible parties once liability is determined.  In other words, the Court retains the
6 | authority to tax Genworth's fees and costs "against the losing claimants." *Schirmer*, 306
7 | F.2d at 195.  Thus, at this point, the Court concludes that Genworth should be reimbursed
8 | now and ultimate responsibility for the reimbursement may be resolved later.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Genworth's motion for attorneys' fees and costs, Dkt. 38, is **GRANTED**.  Genworth shall contact the Court's finance department and submit a proposed order with appropriate language for a disbursement from the Court's registry.

Dated this 16th day of November, 2020.

BENJAMIN H. SETTLE
United States District Judge